CITY OF YOUNGSTOWN, APPELLEE, *v.* PENZA, APPELLANT.

(No. 5098—Decided April 4, 1972.)

Mr. *Edward A. Sowinski, Jr.*, prosecuting attorney, and Mr. *Richard C. Shelar*, for appellee.

*Messrs, Green, Schiavoni, Murphy & Haines* and Mr. *Alan R. Kretzer*, for appellant.

JOHNSON, J. The affidavit in this case charged that the defendant "did unlawfully commit and promote a disturbance, and did break the peace and quiet of said city by then and there committing and promoting a breach of the peace, to-wit: By causing a disturbance at the Playhouse and refusing to leave the premises, in violation of C. O. 135.-01."

To this affidavit a motion to quash was filed. This motion was subsequently overruled. On trial the defendant was found guilty as charged.

The facts in the case are not before the court since the transcript of proceedings in the municipal court was not filed.

Defendant attacks the constitutionality of the ordinance in question, claiming that its vagueness makes the facts which led to his arrest moot.

His first assignment of error claims that the ordi-

nance in question violates the due process clause of the Fourteenth Amendment of the United States Constitution.

The ordinance reads as follows:

"Whoever commits, causes or promotes any disturbance, or breaks the peace or quiet of the city, or any portion thereof, by committing, causing or promoting any breach of the peace shall, upon conviction thereof, be fined in any sum not less than one dollar nor more than fifty dollars, or be imprisoned not to exceed sixty days, or both."

Since we do not have before us the facts on which the defendant was tried and convicted, we have only to consider the language of the ordinance on which his conviction rests.

Defendant contends that the words "breach of peace" are so vague as to be in effect unenforceable and ipso facto unconstitutional.

The term "breach of peace" is an outgrowth of the early common law wherein it was a crime to breach the "king's peace." As such, it has long been a part of the common law having been carried over to our system from early antiquity.

Breach of peace may be generally defined as "such a violation of the public order as amounts to a disturbance of the public tranquility, by act or conduct either directly having that affect [sic], or by inciting or tending to incite such a disturbance of the public tranquility." 7 Ohio Jurisprudence 2d 855, Breach of the Peace, Section 1.

Breach of the peace has been judicially defined as a "violation of public order or disturbance of public tranquility." *State* v. *Rothschild*, 78 Ohio Law Abs. 292. As defined, "breach of the peace" is a generic term, and includes all violations of public peace and order.

Defendant would urge that acts to be proscribed should be set out in some detail in the ordinance. That mere "breach of the peace" or "disturbance" is not sufficiently clear to allow one to ascertain whether or not he has broken the law. This argument could be advanced for many criminal statutes. But conviction must be predicated on such activity as can be found to have disturbed the pub-

lic tranquility. In the instant case, the facts are not before us for consideration; we must presume that the activities engaged in did in fact violate the public order contra to the ordinance.

The Supreme Court of Ohio has stated that if an ordinance has a real and substantial relation to the police power, judges should not overrule or vacate it no matter how unreasonable or unwise they may deem it to be. *Davis v. State,* 118 Ohio St. 25.

Clearly it is a proper exercise of the police power to promote the public order and tranquility by legislative action which proscribes standards of conduct which are disruptive of same. We find the first assignment of error not well taken.

We do not look upon this ordinance as an infringement of the freedom of speech as guaranteed by the First and Fourteenth Amendments of the United States Constitution, as urged in the second assignment of error. We recognize that speech could be one of the methods of activity which might lead to a breach of peace, but we are well aware of the fact that speech per se is not always constitutionally protected. One might disturb his fellow man by exhortation to political action in a public forum and not be in violation of the ordinance. The same words shouted in a hospital corridor could well lead to the opposite result.

The ordinance's application and constitutionality must be tested under the facts of a violation, not those of hypothesis.

We find the second assignment of error not well taken. We conclude that the affidavit was sufficient to state an offense under the ordinance, and the motion to quash was properly denied.

Accordingly, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

O'NEILL, P. J., and LYNCH, J., concur.